IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  05-30022 |
| | ) | |
| WILLIAM JAMES HOGAN, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant's Motion to Confirm Restitution Requirement Has Been Discharged; Seek Court Allowance to Resume Medical Care Under Government Contractor During Probationary Period; Seek Court Allowance to Travel Outside District for Employment and Medical Care During Probationary Period as Pretrial Term Had Provided (d/e 33).  For the reasons stated below, this Motion is allowed in part and denied in part.

I.   RESTITUTION

On February 16, 2006, Defendant William James Hogan entered a plea of guilty to two counts of fraud by interstate wire, in violation of 18

1

U.S.C. § 1343. Hogan, an Illinois attorney, defrauded his clients. On September 14, 2006, this Court entered judgment against Hogan. The Court sentenced him to 8 months imprisonment, three years supervised release (including four months home confinement), and restitution. See Judgment (d/e 24). As restitution, the Court ordered Hogan to pay a total of $86,166.98 directly to four victims and an additional $26,107.00 to the Illinois Attorney Registration and Disciplinary Commission (ARDC), which previously had covered Hogan's obligation to another two of his victims. The Court ordered Hogan to pay the ARDC after he completed payment to the four individual victims.

On September 24, 2007, Hogan filed the instant Motion. Regarding restitution, he appears to be arguing that the Court never ordered him to pay $26,107.00 to the ARDC because the parties agreed to exclude the money the ARDC had paid Hogan's victims from the restitution calculation. Hogan's argument is contradicted by the Joint Motion for Order Setting Priority of Restitution (d/e 23), in which both Hogan and the Government agreed that the ARDC should be paid, but paid after the four individual victims. Joint Motion for Order Setting Priority of Restitution, at 2-3. Restitution to the ARDC was proper under 18 U.S.C. § 3664(j)(1), which

states that "[i]f a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation." The Court clearly ordered Hogan to make such restitution. Judgment (d/e 24), at 6. The terms of Hogan's sentence require him to satisfy his $26,107.00 restitution obligation to the ARDC.

To the extent Hogan instead is requesting a modification of his ordered restitution, the Court denies this request. District courts have only limited power to reconsider sentences after they have been imposed; they may revisit such sentences only when statutes or rules allow. United States v. Goode, 342 F.3d 741, 743 (7th Cir. 2003). Hogan does not specify which avenue of relief he pursues, but all are closed off. See, e.g., Fed. R. Crim. P. 35(a) (authorizing sentence corrections only within seven days of imposition); Fed. R. Crim. P. 36 (authorizing courts to correct clerical errors, but not substantive ones); 28 U.S.C. § 2255 (allowing inmates to challenge only their custody); 18 U.S.C. § 3572(d)(3) (applying only to fines, not restitution orders);18 U.S.C. § 3664(k) (authorizing courts to modify a restitution order when the defendant has undergone a material change in economic circumstances not contemplated at the time of

sentencing).

## II. MEDICAL CARE

Hogan is now on supervised release. According to his Motion, while he was under indictment before entering his plea, the Government provided him psychiatric medical care. He now asks that the Government again provide him care while he continues to serve his sentence under supervised release. The Government does not object to a modification of the conditions of his supervised release that would allow him to participate in mental health treatment at the direction of the United States Probation Office. The United States Probation Office also has no objection. The Court has authority to modify conditions of supervised release under 18 U.S.C. § 3583(e)(2). Thus, the Court modifies the terms of Hogan's supervised release and orders him to participate in a mental health treatment program set up at the direction of the United States Probation Office. However, Hogan must pay for such services.

## III. TRAVEL

Finally, Hogan's Motion also requests permission to travel outside the district for employment with Redfern Wholesale under the supervision of Robert Redfern and for medical care during the period of his supervised

release. Hogan does not discuss the need for travel for medical reasons, but he states that for employment, he needs to travel to various southern states to order and transport furniture. The Government objects to Hogan's request. To the extent a modification of the conditions of supervised release would allow travel during the four months Hogan is under home confinement, the Government asserts that it would defeat the purpose of the home confinement. Additionally, even after home confinement, the Government has expressed concern that Robert Redfern and Redfern Wholesale would not provide proper supervision. Redfern Wholesale is a small business, and Redfern is an old family friend of Hogan's. Aside from the owners, Hogan is Redfern Wholesale's only employee. Because the Court agrees that travel is not compatible with home confinement, it denies Hogan's request. He is free to raise the issue again after he has completed his term of home confinement.

THEREFORE, Defendant's Motion to Confirm Restitution Requirement Has Been Discharged; Seek Court Allowance to Resume Medical Care Under Government Contractor During Probationary Period; Seek Court Allowance to Travel Outside District for Employment and Medical Care During Probationary Period as Pretrial Term Had Provided

5

(d/e 33) is ALLOWED in part and DENIED in part. The Court grants Hogan's request for medical care and so modifies the terms of his supervised release to require him to participate in mental health treatment at the direction of the United States Probation Office and to pay for such services himself. The Court denies Hogan's requests to avoid paying the ARDC $26,107.00 in restitution and to travel outside the district while he is on supervised release; however, Hogan may renew his request to travel after completing his term of home confinement.

IT IS THEREFORE SO ORDERED.

ENTER:   November 13, 2007

       FOR THE COURT:

                                  s/ Jeanne E. Scott
                                  JEANNE E. SCOTT
                        UNITED STATES DISTRICT JUDGE